**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X          **Docket No.: 08-cv-827**
DAVID E. WHITE COMPANY, INC., a
corporation doing business as TRINITY FRUIT
SALES CO.,                                                                    **AMENDED ANSWER**

                              Plaintiff,

      -against-


AAAP USA CORPORATION, a corporation

                              Defendant,

------------------------------------------------------------X


Defendant AAAP USA Corporation, by its attorneys, Schrier, Fiscella & Sussman, LLC, as and

for its Amended Answer to the Complaint, respectfully alleges as follows:

    1.  Admits to the allegations set forth in paragraphs "1", "2", "3", "5" and "6".

    2.  Denies knowledge or information as to paragraph "4".


### AS AND FOR THE FIRST CAUSE OF ACTION

    3.  Defendant repeats and reiterates each and every admission and denial set forth in
paragraphs "1" through "6" of the complaint.

    4.  Denies the allegations contained in paragraphs "7", "9", "10", "11", "12", "13", "14",
"15", "17", "18", "19", "20", "21", "22", "23", "24" and "25".

    5.  Denies knowledge or information as to paragraph "8", and "16".

## AS AND FOR THE SECOND CAUSE OF ACTION

6. Defendant repeats and reiterates each and every admission and denial set forth in paragraphs "1" through "25" of the complaint.

7. Denies the allegations contained in paragraphs "26", "27", "28", "29" and "30".

## AS AND FOR THE THIRD CAUSE OF ACTION

8. Defendant repeats and reiterates each and every admission and denial set forth in paragraphs "1" through "30" of the complaint.

9. Denies the allegations contained in paragraphs "31", "32", "33", "34", "35" and "36".

## AS AND FOR THE FOURTH CAUSE OF ACTION

10. Defendant repeats and reiterates each and every admission and denial set forth in paragraphs "1" through "36" of the complaint.

11. Denies the allegations contained in paragraphs "37", "38", "39" and "40".

## AS AND FOR THE FIFTH CAUSE OF ACTION

12. Defendant repeats and reiterates each and every admission and denial set forth in paragraphs "1" through "40" of the complaint.

13. Denies the allegations contained in paragraphs "41", "42", "43" and "44".

## AS AND FOR THE SIXTH CAUSE OF ACTION

14. Defendant repeats and reiterates each and every admission and denial set forth in paragraphs "1" through "44" of the complaint.

15. Denies the allegations contained in paragraphs "45", "46", "47", "48", "49", "50", "51" and "52".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. The claims alleged by plaintiff failed to set forth facts that give rise to any claim against defendant AAAP USA Corporation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claims and rights if any against defendant AAAP USA Corporation are barred in whole or in part by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. To the extent that plaintiff may have suffered any damages, its claims are barred for failure to litigate damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims against AAAP USA Corporation are barred by the doctrines of setoff and recoupment, as announced claim to be owed to plaintiff by defendant, are exceeded in offset by amounts claimed to be owed to AAAP USA Corporation by plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the doctrines of accord and satisfaction.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the fraudulent conduct of plaintiff as it relates to defendant.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by a prior action pending.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. Defendant, AAAP USA Corp. (hereinafter "AAAP"), is a New York corporation with offices located at 160 Plandome Road, Manhasset, New York 11030.

28. Plaintiff is a dealer and commission merchant of perishable goods as defined by the Perishable Agriculture Commodities Act (hereinafter referred to as "PACA") [7 U.S.C. §499(a) et seq.]

29. At all relevant times herein, Plaintiff was and still is licensed to deal with perishable goods as mandated by PACA.

30. Defendant is informed and believes that Plaintiff, David E. White Co., Inc. d/b/a Trinity Fruit Sales Co. (hereinafter "Trinity"), is a corporation with offices located at 9493 N. Fort Washington, Suite 102, Fresno, California 93730.

31. Defendant is informed and believes that Plaintiff, at the time of the transactions involved herein, was licensed or was subject to license under the Perishable Agricultural Commodities Act of 1930, as a dealer and commission merchant.

32. This action concerns fresh and frozen oranges and lemons.

33. The foresaid goods are perishable agricultural commodities within the meaning of PACA.

34. Said perishable goods were transported from Italy into the United States.

35. Said perishable goods were imported on ocean cargo carriers.

36. On or about January 19, 2007, AAAP received a purchase order from Trinity for 35 ocean cargo containers of oranges ($0.56 U.S. per pound) and lemons ($0.63 U.S. per pound).

37. On or about January 19, 2007 and January 20, 2007, the herein parties agreed via e-mails to extend the foregoing purchase order to a program of weekly deliveries of 60-80

containers of product running through April 24, 2007.

      38. The terms of said agreement are as follows:

          a.   Trinity was to wire $ 7,000.00 per container upon confirmation that each

              container was on board and U.S. bound.

          b.   Upon receipt of the product at the pre-designated cold storage warehouse – Lucca

              Freezer & Cold Storage, 2321 Industrial Way, Vineland, New Jersey 08360 –

              Trinity was to wire an additional $ 7,000.00 per container.

          c.   The remaining balance of the invoice was to be paid thirty (30) days from delivery

              to Lucca Freezer & Cold Storage.

      39. Based upon the foresaid agreement, AAAP imported from Italy and delivered to Lucca

Freezer & Cold Storage One Hundred Twenty-Six (126) ocean cargo containers of lemons and

oranges.

      40. Upon arrival of said commodities, Trinity either did not inspect or did not timely

inspect same.

      41. Upon arrival of said commodities, Trinity failed to give notice to AAAP of any defect

in the commodity as delivered.

      42. Upon arrival of said commodities, Trinity accepted same in compliance with the

agreement.

      43. Trinity has since failed, neglected and refused to pay AAAP the total balance due of $

2,120,901.00, which sum is the sum remaining based upon the delivery of 126 containers and

applying a credit of $7,000.00 per container for monies wired while goods were U.S. bound.

      44. By reason of the foregoing, Trinity is in violation of the provisions of the PACA Title

7, U.S.C. §499b(2) and all pertinent regulations issued by the Secretary of Agriculture to the

PACA.

45. By reason of the foregoing, Plaintiff failed to pay Defendant the sum of Two Million One Hundred Twenty Thousand Nine Hundred One Dollars ($2,120,901.00).

46. On or during the period 2/13/07 - 4/19/07, in the course of foreign commerce, AAAP, by oral and written contract, sold to Trinity Forty-Four (44) ocean cargo containers of oranges ($0.56 U.S. per pound) and lemons ($0.63 U.S. per pound). (See Exhibits "A" & "B")

47. Trinity failed, neglected and refused to inspect said containers.

48. Trinity without cause refused to accept delivery of said containers.

49. Trinity without cause refused to make payments for said containers.

50. Trinity without cause rejected said containers.

51. Trinity's rejection was unreasonable.

52. Trinity's rejection was premature.

53. Trinity's rejection was wrongful.

54. Trinity's rejection was wrongful due to the fact that said goods had been purchased specifically for Trinity.

55. Trinity's rejection was wrongful due to the fact that said goods were on board and U.S. bound.

56. Trinity's rejection was wrongful due to the fact that at the time of rejection said commodities were U.S. bound and could not be returned to the Italian grower.

57. By reason of the foregoing, Trinity is in violation of Section 2 of the Perishable Agricultural Commodities Act of 1930.

58. By reason of the foregoing, Plaintiff failed to pay to Defendant the sum of Nine Hundred Thirty-Eight Thousand Eight-Hundred Eighty-Five Dollars and Eight Cents ($ 938,885.08).

**WHEREFORE,** defendant, AAAP USA Corporation, respectfully demands judgment as follows:

1. Dismiss the complaint in its entirety.

2. Grant judgment in favor of defendant, AAAP USA Corporation, together with the costs and disbursements of this action, and such other and further relief

Dated: Garden City, New York
       September 25, 2008

Yours, etc.,

By:  RICHARD E. SCHRIER, ESQ.
SCHRIER, FISCELLA & SUSSMAN, LLC
Attorneys for Defendant
AAAP USA, CORP
825 East Gate Boulevard, Suite 320
Garden City, New York 11530
Tel.(516) 739-8000
Fax (516) 739-8004

TO:    PETER RAGONE, ESQ (PR-6714)
      ANTHONY L. COTRONEO, ESQ (AC-0361)
      ROSNER, NOCERA & RAGONE, LLP
      110 Wall Street – 23rd Floor
      New York, New York 10005
      Tel: (212) 635-2244
      Fax: (212) 635-0533
            -and-
      R. JASON READ (PR-6714)
      California State Bar No. 117561
      RR 0232
      RYNN & JANOWSKY, LLP
      4100 Newport Place Drive, Suite 700
      Newport Beach, CA 92660
      Tel: (949) 752-2911
      Fax: (949) 752-0953
      Attorneys for Plaintiff
      DAVID E. WHITE COMPANY, INC., a
      corporation d.b.a. TRINITY FRUIT SALES CO.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                    )   ss.:
COUNTY OF NASSAU    )

RUBEN STEPANIAN, being duly sworn, deposes and says:

Your deponent is not a party to the action; is over 18 years of age and resides at Queens County, New York.

On September 25, 2008, your deponent served the within AMENDED ANSWER by e-mail, addressed to each of the following person at the last known address set forth:

R. JASON READ (PR-6714)
California State Bar No. 117561
RR 0232
RYNN & JANOWSKY< LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 752-2911
Fax: (949) 752-0953
E-mail: jason@rjlaw.com

RUBEN STEPANIAN

Sworn to before me this
25  day of September, 2008

Notary Public

PATRICIA A. GUZOWSKI
Notary Public, State of New York
No. 01GU4648268
Qualified in Nassau County
Commission Expires 12/31/2009