UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID E. WHITE COMPANY, INC.,

                                Plaintiff,

              -against-

AAAP USA CORPORATION,

                              Defendant.
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**08-CV-827 (FB)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion dated May 11, 2009, from plaintiff David E. White & Co., Inc. ("plaintiff"), for an order (1) compelling defendant AAAP USA Corp. ("defendant") to "provide full and complete responses" to plaintiff's discovery demands (or, in the alternative, to strike defendant's answer), and (2) awarding plaintiff the fees and costs incurred in making the motion. See Letter from Gregory Brown, Counsel for Plaintiff, to the Court (May 11, 2009) ("Pl. 5/11/09 Letter"), at 3; see also Letter from Gregory Brown to the Court (May 14, 2009) ("Pl. 5/14/09 Letter"). For the reasons that follow, plaintiff's application is denied except to the limited extent described below.

## DISCUSSION

Among other things, plaintiff complains that defendant failed to verify its responses and failed to attach copies of the referenced exhibits. See Pl. 5/11/09 Letter, at 2. Defendant responds that these omissions were the result of a "clerical error" and that, in any event, the referenced documents had been produced in CD-ROM format as part of defendant's initial

disclosures[1] -- a fact conspicuously omitted from plaintiff's application. As the Court has already set a deadline for defendant to rectify these oversights, see Order dated May 13, 2009, no further judicial action is warranted at this time.

Plaintiff next challenges the adequacy of defendant's responses to four of plaintiff's 28 interrogatories. See Pl. 5/11/09 Letter, at 2.[2] As to Interrogatory #9, which demands detailed information with respect to "any and all transactions for wholesale quantities of perishable agricultural commodities to which defendant was a party between January 1, 2003 and January 1, 2007[,]" see Ex. A to Pl. 5/11/09 Letter, this Court sustains defendant's objection that the demand is overly broad. See Ex. H to Pl. 5/11/09 Letter; Def. 5/14/09 Letter, at 3. To the extent that defendant's "experience in the produce industry is a material issue[,]" see Pl. 5/11/09 Letter, at 2 -- an argument not elaborated upon in plaintiff's submissions -- plaintiff may explore that issue at depositions or in narrowly tailored interrogatories.

Finally, plaintiff complains that defendant's responses to Interrogatories #1, 23, and 28 "fail to respond to the question asked . . . ." See id. at 2. Each of those interrogatories seeks the identities of persons with knowledge about issues in this case, along with "the source of his or her knowledge or the basis for his or her belief." See Ex. A to Pl. 5/11/09 Letter. In

---

[1] See Letter from Richard E. Schrier, Counsel for Defendant, to the Court (May 14, 2009) ("Def. 5/14/09 Letter"), at 2, 1. Defense counsel also explains that during the discovery period at issue, he was hospitalized and required a more extensive recovery period than anticipated. See id. at 2.

[2] In light of the parties' prior agreement to allow each side to serve up to fifty interrogatories, see Pl. 5/14/09 Letter, at 1, the Court rejects defendant's argument that plaintiff's demands exceed the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. See Def. 5/14/09 Letter, at 3.

response, defendant has provided the names of various individuals, their employment positions or titles, their contact information, and, as to each, a statement that that individual "is likely to have discoverable information relating to the events which form the basis of this litigation." See Ex. H to Pl. 5/11/09 Letter. Defendant is directed to supplement its responses to the following limited extent: for each individual, defendant shall, by May 22, 2009, identify the subject of the referenced discoverable information. Cf. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff's demand for additional information is denied, as it is more appropriately the subject of deposition examination.

Plaintiff's request for costs and fees is denied.

## CONCLUSION

Plaintiff's motion for a compulsion order and fees is denied, except that defendant shall, by May 22, 2009, supplement its responses to Interrogatories #1, 23 and 28 to the limited extent described above.

**SO ORDERED.**

Dated: Brooklyn, New York
May 15, 2009

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**