*Law Offices of*
**Bruce Levinson, Esq.**
747 Third Avenue, New York, New York 10017-2803
Tel: (212) 750-9898   Fax: (212) 750-2536
E-mail: b.levinson@verizon.net

Bruce Levinson
Gregory Brown

> *Application denied without prejudice, as plaintiff's counsel has not discussed his proposal with opposing counsel.*
>
> **SO ORDERED**
> /s/
> Roanne L. Mann
> U.S. Magistrate Judge
> Dated: 12/23/09

December 22, 2009

**VIA ECF**

Hon. Roanne L. Mann
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **David E. White Company, Inc. v. AAAP USA Corporation;
Case No. 08-cv-827 (FB) (RLM)**

Honorable Madam:

    We are the attorneys for David E. White Company, Inc. d/b/a Trinity Fruit Sales Co., plaintiff in the above referenced matter. Pursuant to your Honor's November 12, 2009 scheduling order, the deadline's for plaintiff's expert disclosure is December 30, 2009. As previously disclosed to the Court, our office is awaiting a response to a subpoena *duces tecum* served on the United States Department of Agriculture ("USDA") before it can complete one of its expert reports. As a result, our office has requested, and has been granted, several extensions of this deadline. While we are attempting to obtain the requested documents from the USDA without judicial intervention, it appears that plaintiff may need to seek relief pursuant to 7 U.S.C. § 552 (a)(4) given the agency's ongoing noncompliance. If that is the case, plaintiff will be unable to serve the expert report which is dependent upon the production of the USDA documents in the foreseeable future. However, since plaintiff is anxious for this case to proceed, we have a proposal as set forth below.

    Plaintiff has retained two experts in this action. The first expert will provide testimony concerning the transport, cold treatment, and clearing through customs of citrus from Italy. The second expert will provide testimony concerning the inspection and handling of citrus once it has cleared customs. Plaintiff will be able to serve the second expert report on or before December 30, 2009, however, the first expert report is dependent upon receipt of the subpoenaed USDA documents. In light of these circumstances, we request leave to serve the first expert report within thirty days of the receipt by our office of the USDA materials. To the extent that defendant or third-party defendant will present expert testimony related to the subject matter covered in that report, those parties would be able to serve their own expert disclosure related to the transport, cold treatment and clearing through customs of citrus from Italy within sixty (60) days (for defendant) or ninety (90) days (for third-party defendant) of the date of service of

Hon. Roanne L. Mann
December 22, 2009
Page 2

plaintiff's first expert report. However, to the extent that defendant or third party defendant will present expert testimony on other matters, we ask that they be obligated to comply with their current respective deadlines for expert disclosure.

Counsel for third-party defendant has no objection to an extension of time in which plaintiff can serve its expert disclosure so long it is granted a similar extension of time. My request to counsel for defendant has gone unanswered. I have not discussed with either counsel the arrangement set forth above.

Thank you for your attention to this matter.

Respectfully yours,
Law Offices of Bruce Levinson

By: _____
Gregory Brown

cc.: Richard E Schrier, Esq. (via ECF)
David A. Group, Esq. (via ECF)
Trinity Fruit Sales Co.