UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID E. WHITE COMPANY, INC.,

                              Plaintiff,                    MEMORANDUM
                                                           AND ORDER

              -against-                                    08-CV-827 (FB)

AAAP USA CORPORATION,

                              Defendant.
------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

        Currently pending before this Court is the request of defendant AAAP USA Corp.

("defendant") for an extension of time to file its expert disclosure.  See Letter to the Court

from Richard E. Schrier (April 15, 2010) ("4/15/10 Def. Letter"), ECF Docket Entry ("DE")

#49; see also Letter to the Court from Richard E. Schrier (April 20, 2010) ("4/20/10 Def.

Letter"), DE #53.  Plaintiff David E. White Company ("plaintiff") and third-party defendant

Lucca Freezer & Cold Storage, Inc. ("Lucca") oppose this request.  See Letter to the Court

from Gregory Brown (April 19, 2010) ("4/19/10 Pl. Letter"), DE #51; Letter to the Court

from Gregory Brown (April 20, 2010) ("4/20/10 Pl. Letter"), DE #54, Letter to the Court

from David A. Group (April 20, 2010) ("Lucca Letter"), DE #52.  For the reasons that

follow, defendant's application is granted in limited part only.

## FACTUAL BACKGROUND

        This case has been pending for more than two years, and the discovery schedule has

already been extended on a number of occasions.  At the initial conference held on November

8, 2008, the Court, among other things, directed plaintiff to serve its expert disclosure by

March 6, 2009, and defendant to serve its expert disclosure by June 1, 2009.[1]  Consistent with the parties' request, the deadlines for serving expert disclosure preceded the end of fact discovery (i.e., August 7, 2009).  <u>See</u> Minute Entry (Nov. 7, 2008), DE #15.

In an endorsed order dated July 10, 2009, the Court granted the joint request of all three parties to extend the discovery deadlines, on account of delays in conducting discovery; plaintiff's expert disclosure was now due by September 18, 2009, defendant's was due by November 20, 2009, and the deadline for completing all discovery was extended to February 5, 2010.  <u>See</u> Endorsed Order (July 10, 2010), DE #34; <u>see</u> <u>also</u> Letter to the Court from Gregory Brown (July 9, 2010), DE #31.

On September 15, 2009, the aforesaid deadlines were again extended, at plaintiff's request, on account of difficulties in obtaining documents from non-parties.  <u>See</u> Endorsed Order (Sept. 15, 2009), DE #36.  When the United States Department of Agriculture did not respond to plaintiff's subpoena <i>duces tecum</i>, the parties proposed, and, on November 12, 2009, the Court adopted, with modifications, a further extended schedule:  Plaintiff's expert disclosure became due by December 30, 2009; defendant's became due by March 1, 2010; Lucca's became due by April 1, 2010; the deadline for all discovery (including fact discovery) was extended to June 4, 2010.  <u>See</u> Endorsed Order (Nov. 12, 2009) ("November 12th Order"), DE #43; <u>see</u> <u>also</u> Letter to the Court from Gregory Brown (Nov. 9, 2009), DE #40.

The most recent extension of discovery was granted on January 19, 2010, and resulted in a bifurcated schedule of expert disclosure.  Noting that the USDA had finally produced the

---

[1]  Lucca had not yet been impleaded.

subpoenaed documents, the Court gave plaintiff until February 15, 2010 to serve its report "concerning the transport, cold treatment and clearing through customs of citrus from Italy," gave defendant until April 15, 2010 to serve its rebuttal expert disclosure on those specific issues, and gave Lucca until May 15, 2010, to serve its expert disclosure on the same issues; the Court otherwise adhered to its November 12th Order, including the earlier deadlines for expert disclosure on issues other than the specific ones noted above. See Endorsed Order (Jan. 19, 2010), DE #48. Thus, defendant's expert disclosure concerning the transport, cold treatment and clearing through customs of citrus from Italy was due by April 15, 2010, and defendant's expert disclosure on all other issues was due by March 1, 2010.

Despite these deadlines, defendant failed to seek additional time to serve its expert disclosure until April 15, 2010 -- the final date for defendant to serve expert disclosure on the cold-treatment-related issues, and a month and a half *after* defendant's due date for serving all other expert disclosure.

## DISCUSSION

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the expert disclosure schedule set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendant cites several reasons for its belated request to extend the deadlines for expert disclosure. Defendant offers no explanation whatsoever for having waited until one such deadline was long past and the other was expiring that very day. Having considered the parties' various arguments, as well as the surrounding circumstances, the Court concludes that defendant has not established good cause for the proposed extension

but that precluding him from offering *any* expert testimony would be an unduly harsh sanction. Therefore, the Court grants a limited extension of one of the two deadlines, as described below.

In its pending application, defendant alleges that its expert "will need the documents requested from Plaintiff, as well as the transcripts from the upcoming depositions, in order to make a full and accurate expert report concerning the subject of the lawsuit including the transport, cold treatment, and clearing through customs of the citrus from Italy." 4/15/10 Def. Letter at 2. Defense counsel requests that defendant's deadline be extended to sixty days from receipt of the documents from plaintiff and receipt of "the Lucca deposition transcripts," which he anticipates will be conducted in mid-May. Id. Notably, the defense submissions are silent as to when defendant served its document demands on plaintiff. See generally id. at 1. Furthermore, although defense counsel suggests that it would be unfair to require defendant to serve its expert's report until depositions have been completed, he and his client have long been on notice of the schedule proposed by the parties and approved by the Court, pursuant to which the deadline for each party to serve expert disclosure long preceded the conclusion of fact discovery.

In fact, although defendant acknowledges that plaintiff served its expert report (on the cold-treatment-related issues) in February 2010, see 4/15/10 Pl. Letter at 1, he ignores the fact that plaintiff's expert report on the inspection and handling of citrus -- issues not dependent on the belatedly produced subpoenaed government documents -- was served on defendant by December 29, 2009. See 4/19/10 Pl. Letter at 2. Defendant's response to that report was due

on March 1, 2010.  Defendant does not explain why the defense expert was unable to respond to that report despite more than two months in which to do so.  Indeed, it is not clear that defendant even intends to have its expert address those issues.  See 4/15/10 Def. Letter at 2 (referencing defendant's desire to have its expert issue a report "concerning the subject of the lawsuit including the transport, cold treatment, and clearing through customs of the citrus from Italy"); 4/20/10 Pl. Letter at 2 (referencing defendant's desire to serve an expert report "concerning the subject of the lawsuit including but not limited to the transport, cold treatment, and clearing through customs of the citrus from Italy").

        With respect to expert disclosure concerning the inspection and handling of citrus -- the issues addressed in plaintiff's December 2009 expert report -- the Court concludes that defendant's failure to serve its expert disclosure by the court-ordered deadline of March 1, 2010, coupled with defendant's failure to make a timely request to extend that deadline or to otherwise establish good cause for its dereliction, constitute a waiver of defendant's right to offer expert opinions, at trial or by motion, concerning issues of that nature.

        With respect to the cold-treatment-related issues, the inadequacies in defendant's showing would permit the Court to reach a similar conclusion.  Nonetheless, because defendant at least filed its extension request before the expiration of the April 15th deadline -- albeit only a few hours in advance -- the Court is loathe to preclude defendant from offering expert testimony on the issues addressed in plaintiff's February 16th report.  Nevertheless, the Court is not prepared to defer the expert discovery schedule for many months, as defendant proposes.  Defense counsel should have been proactive in pursuing discovery on a more

expedited basis.  His failure to do so is a problem of his own making.

To the extent that plaintiff has not already responded to defendant's discovery demands, it shall do so promptly.  Defendant shall serve its expert disclosure concerning the transport, cold treatment and clearing through customs of citrus from Italy by May 7, 2010; third-party defendant's expert rebuttal on these issues shall be served by June 7, 2010; expert depositions on those issues must be completed by June 25, 2010.  The June 18th settlement conference will go forward as previously scheduled.

## CONCLUSION

For the foregoing reasons, defendant's request to extend the expert disclosure deadlines is granted in limited part only, as detailed in the preceding paragraph, and only with respect to the cold-treatment-related issues.  Defendant has waived its right to offer expert testimony and/or opinions on all other issues.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**            April 23, 2010**


**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

-6-